

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2008

# USA v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2950

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Miller" (2008). *2008 Decisions*. Paper 1511.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1511

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2950

UNITED STATES OF AMERICA

v.

JAMES MILLER
a/k/a JAMES WARREN

James Miller,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-0636
(Honorable Gene E.K. Pratter)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2008

Before: SCIRICA, *Chief Judge*,
RENDELL, *Circuit Judge*, and RODRIGUEZ, *District Judge**

(Filed: February 28, 2008)

OPINION OF THE COURT

---

*The Honorable Joseph H. Rodriguez, United States District Judge for the District of New Jersey, sitting by designation.

SCIRICA, *Chief Judge*.

James Miller pleaded guilty conditionally to possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(e), and was sentenced to a mandatory minimum 15 years of incarceration under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). On appeal he contends the District Court abused its discretion by denying his motion to suppress and erred by applying the ACCA. We will affirm.

I.

In June 2002, Miller was convicted in the Philadelphia Court of Common Pleas for distribution of a controlled substance and sentenced to 1.5 to 3 years imprisonment. He was released on February 24, 2004, under the supervision of the Pennsylvania Board of Probation and Parole. Under the terms of his parole, he was not to use or distribute illegal controlled substances or possess a firearm.

Miller's approved residence while under parole supervision was his mother's home. Parole Agent Frontis Cue, Miller's parole supervisor, testified that Miller's mother telephoned him on July 20 and 21, 2004, saying she suspected Miller was selling drugs from her house. On July 22, Agent Cue advised Miller's mother to have Miller call him under the pretext of offering job leads. Miller called Agent Cue, who told him to report to his office.[1]

---

[1] Miller's mother testified that she never called Agent Cue with concerns about her son's activities. The District Court found her testimony not credible.

Parole agents detained Miller when he arrived and took his keys. While Miller was held at the parole office, Agent Cue and others searched Miller's home, using Miller's keys to enter the property. They discovered drug paraphernalia and a loaded AR-1 (AK type) semi-automatic assault rifle. The agents took the weapon and drug paraphernalia to the parole office and received a warrant to detain Miller. Agent Cue, holding the firearm in his hands, told Miller he was being detained because of the recovery of the firearm from his closet. Miller said he obtained the weapon from his recently deceased father.

Miller was indicted for violating 18 U.S.C. §§ 922(g)(1) and 924(e). After the District Court denied Miller's motion to suppress the firearm and his post-detention statements, Miller entered a conditional plea agreement, allowing appeal of the denial of his motion to suppress.

## II.

Miller contends his motion to suppress should have been granted because his bedroom was searched without reasonable suspicion. A parolee's residence may be searched based only on reasonable suspicion of criminal activity. *United States. v. Knights*, 534 U.S. 112, 121 (2001). The agents had reasonable suspicion to believe Miller possessed illegal drugs in his house based on his mother's telephone calls. The search was lawful and the District Court correctly denied Miller's motion to suppress.

As an alternative basis, Miller contends, for the first time on appeal, that he was arrested without probable cause by being held at the parole office while the agents searched his house. In his motion to suppress, Miller contended "[t]he police illegally searched his house without a warrant, without probable cause, and without reasonable suspicion . . . [and] after being arrested Defendant gave statement (sic) regarding ownership of the gun. He was not provided his Miranda warnings in violation of his 5th Amendment right of the United States Constitution." A.36.

Miller's argument is waived. "[I]n the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely upon in this Court." *United States v. Lockett*, 406 F.3d 207, 212 (3d Cir. 2005) (citing *United States v. Neumann*, 887 F.2d 880, 886 (8th Cir. 1989). Nothing in Miller's motion suggested he was challenging his detention at the parole office. This argument is not "substantially the same" as those brought before the District Court. *Id*.

Even if not waived, it must fail. Miller's detention allowed the agents to search Miller's home safely and without the danger of Miller fleeing or destroying evidence. Officers executing a search warrant may "detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705 (1981). Miller was a parolee with only a "conditional liberty" interest, *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), which gave parole agents greater authority to investigate his possible

4

criminal activities. *Knights*, 534 U.S. at 121. Given his parolee status, and the facts providing Agent Cue with reasonable suspicion, Miller's detention was reasonable and did not violate the Fourth Amendment.

Even if illegally detained, the evidence Miller seeks to suppress cannot be excluded because it inevitably would have been discovered. Suppression of evidence as "fruit of the poisonous tree" is only justified if "'the challenged evidence is in some sense the product of illegal governmental activity.'" *United States v. Segura*, 468 U.S. 796, 815 (1984) (quoting *United States v. Crews*, 445 U.S. 463, 471 (1980)). Agent Cue had reasonable suspicion to search Miller's home and would have discovered the evidence regardless of Miller's detention. With respect to Miller's statement about how he came into the possession of the firearm, the District Court characterized it as a spontaneous response to Agent Cue, who told Miller there was a firearm in the bedroom. Miller was not responding to interrogation or conduct calculated or reasonably foreseeable to elicit a confession. The evidence was discovered "by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (163) (quotation omitted). Accordingly, the District Court properly denied Miller's motion to suppress.

Miller also contends the District Court's imposition of a 15-year mandatory minimum sentence under the statutory recidivist enhancement of 18 U.S.C. § 924(g)(1) was unconstitutional. Miller asks us to find that prior convictions must be proven beyond

a reasonable doubt. This contention ignores the clear rule laid out by the Supreme Court. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Coleman*, 451 F.3d 154, 159-161 (3d Cir. 2006). The District Court properly relied on Miller's prior convictions in imposing the 15-year mandatory minimum sentence.

## III.

Accordingly, we will affirm the denial of Miller's motion to suppress, and affirm the judgment of conviction and sentence.